# Exhibit A

CAUSE NO. 2008-21348

| | | |
|---|---|---|
| NCI GROUP, INC. | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| CALAMAR CONSTRUCTION MANAGEMENT, INC. | § § § | |
| Defendant. | § § | 61st JUDICIAL DISTRICT |



FILED
THERESA CHANG
DISTRICT CLERK
HARRIS COUNTY, TEXAS
2008 APR -4 AM 9:09
BY
MAIL PROCESSING DEPUTY

## PLAINTIFF'S ORIGINAL PETITION

NCI Group, Inc. ("Plaintiff" or "NCI") files this Original Petition against Calamar Construction Management, Inc. ("Defendant" or "Calamar") and shows the Court the following:

### I.
### DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 3 of TEX. R. CIV. P. 190.

### II.
### ASSUMED NAMES

2. Pursuant to TEX. R. CIV. P. 28, Plaintiff brings this suit against all partnerships, unincorporated associations, individuals, and private corporations doing business under the assumed name of or including Calamar Construction Management, Inc.

### III.
### PARTIES, VENUE, AND JURISDICTION

3. NCI is a corporation organized and existing under the laws of the State of Nevada. NCI maintains its principle place of business in Houston, Harris County, Texas. Metallic Building Company (Metallic) is a division of NCI.

4. Defendant Calamar Construction Management, Inc. is a New York corporation duly organized and doing business in the State of New York and is therefore considered a nonresident of the State of Texas. Because the Defendant has no registered agent in the State of Texas, the Secretary of State is appointed as agent for service under the long arm statute CPRC §17.045(c) and Business Corporation Act, Art. 8.10(B). Pursuant to C.P.R.C. § 17.045(b)-(d), Defendant may be served with process by serving the Secretary of State, who shall then forward process to Defendant's principal place of business located at:

> Calamar Construction
> Attention: Kenneth Franasiak
> 3949 Forest Parkway, Suite 100
> Wheatfield, NY 14120.

5. Venue is proper in Harris County under TEX. CIV. PRAC. & REM. CODE §§15.002(a)(1) and 15.035(a) and the mandatory venue provisions contained in the contract on which NCI sues.

## IV.
## BACKGROUND

6. Metallic Building Company is a division of NCI Group, Inc. NCI Group, Inc. is the successor of NCI Building Systems, L.P.

7. On June 12, 2007 Calamar singed a Metallic Building Company Purchase Order which was subsequently signed by Metallic on June 26, 2007. A true and correct copy of the Purchase Order is attached and incorporated by reference as "Exhibit A."

8. The Purchase Order required Metallic to deliver two prefabricated metal buildings (the "product") in return for payment from Calamar of $781,171.00.

9. The Purchase Order contains the specific provision that "Finish painting is not by Metallic. Metallic Building Company will not be responsible for finish paint adhering to any

primary or secondary members, or performance of the finish paint." *Page 5 Line 12 Purchase Order.*

10. Additionally, the Terms and Conditions included with the Purchase Order state that:

> "UNDER NO CIRCUMSTANCES SHALL SELLER BE LIABLE FOR ANY SPECIAL, INCIDENTAL, LIQUIDATED, CONSEQUENTIAL, EXEMPLARY, PUNITIVE, COST OF COVER OR BACK-CHARGE DAMAGES EVEN IF SELLER HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES. ADDITIONALLY, UNDER NO CIRCUMSTANCES SHALL SELLER BE LIABLE FOR, INCLUDING, BUT NOT LIMITED TO, PERSONAL INJURY, PROPERTY DAMAGE, DAMAGE TO OR LOSS OF EQUIPMENT, LOST PROFITS OR REVENUE, LABOR COSTS AND EXPENSES, COSTS OF RENTING EQUIPMENT AND OTHER ADDITIONAL EXPENSES, EVEN IF SELLER HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES."

11. Metallic delivered the product as required under the Purchase Order.

12. Following delivery, Calamar had the product painted by an outside vendor.

13. Calamar claims that the finish paint did not adhere to part of the product and has demanded payment from Metallic for remedial measures including disassembly of the product, transportation to a paint shop, removal of paint, repainting, shipping and re-erection of the product.

14. Calamar has refused to pay Metallic in full for the product.

## V.
## DECLARATORY RELIEF SOUGHT

15. Plaintiff incorporates the foregoing facts, defenses and allegations by reference.

16. A justiciable controversy exists between the parties.

17. Pursuant to Chapter 37 of the Texas Civil Practices and Remedy Code, the Court should hold valid and enforce the provisions of the Purchase Order expressly holding Metallic not liable for paint failures and declare that Plaintiff Metallic is not obligated to pay any sum for any paint failure.

18. Furthermore, the Court should uphold and enforce the provision of the Purchase Order Terms and Conditions and declare that Metallic/NCI is not liable for any consequential or remedial measures claimed for paint failure.

19. Plaintiff should be awarded costs and reasonable and necessary attorneys' fees because it would be equitable and just to do so.

## VI.
## BREACH OF CONTRACT

20. Plaintiff incorporates the foregoing facts, defenses and allegations by reference.

21. At the request of Defendant, and in consideration of their promise to pay according to the terms of the Purchase Order, Metallic provided and delivered the product. Defendants have violated this agreement by refusing to pay for these goods. Defendant's actions are the proximate cause of injury to Metallic/NCI.

22. Defendant is indebted to Metallic/NCI for breach of contract in a principle amount within the jurisdictional limits of this Court, plus pre-judgment and post-judgment interest at the maximum permissible legal rate, and reasonable attorney's fees.

## VII.
## SUIT ON SWORN ACCOUNT

23. Plaintiff incorporates the foregoing facts, defenses and allegations by reference.

24. Metallic/NCI provided goods to Defendant under a written contract on which a systematic record has been kept. Defendant accepted the goods and became bound to pay Metallic/NCI its designated charges, which were reasonable and customary.

25. After the product was delivered, Defendant failed to make full payment and refused to make full payment in the future.

26. This claim is just and true, it is due, and all lawful and just offsets, payments, and credits have been allowed. Metallic/NCI attaches an affidavit verifying these facts as "Exhibit B" and incorporates it by reference into this Petition.

## VIII.
## QUANTUM MERUIT

27. Plaintiff incorporates the foregoing facts, defenses and allegations by reference.

28. In the alternative to the above causes of action, Metallic/NCI seeks recovery under the doctrine of quantum meruit. Pursuant to Defendant's request, Metallic/NCI provided the product. Defendant knowingly accepted the product and was reasonably notified that Metallic/NCI expected to be paid for the product. Nevertheless, Defendant has consistently refused to pay. Non-payment would result in unjust enrichment to Defendant.

## IX.
## PROMISSORY ESTOPPEL

29. Plaintiff incorporates the foregoing facts, defenses and allegations by reference.

30. In the alternative to the above causes of action, Metallic/NCI seeks recovery under the doctrine of promissory estoppel. Defendant contacted Metallic/NCI and promised to pay for goods. Despite numerous requests by Metallic/NCI, Defendant has consistently refused to pay in full.

## X.
## ATTORNEYS' FEES

31. As a consequence of Defendant's breach and persistent refusal to settle this matter without judicial intervention, Metallic/NCI has employed the undersigned attorneys to file suit. Pursuant to TEX. CIV. PRAC. & REM. CODE §§ 38.001(1), (7) and (8), and § 37.009, Metallic/NCI is entitled to recover from Defendant the reasonable attorneys' fees and costs incurred in collecting the amounts owed and in maintaining this lawsuit.

## XI.
## CONDITIONS PRECEDENT

32. All conditions precedent to Metallic/NCI's claims for relief have been performed or have occurred.

## XII.
## CONCLUSION AND PRAYER

WHEREFORE, Metallic/NCI requests that the Court declare that Plaintiff is not obligated to pay any sum for any paint failure or any sum for remedial measures claimed for paint failure, and that the Court hold valid and enforce the provisions of the Purchase Order expressly holding Plaintiff not liable for paint failures. Additionally, Calamar should be cited to appear and answer and that following trial, Metallic/NCI be granted judgment against Calamar in an amount in excess of the jurisdictional limits of this Court, plus reasonable attorneys' fees, pre-judgment and post-judgment interest at the maximum permissible legal rates, costs of court and for such additional relief to which Metallic/NCI may be entitled.

Respectfully submitted,

Michael D. Richardson
State Bar No. 16868220
Kevin A. Koudelka
State Bar No. 24025971
**ROSE-WALKER, L.L.P.**
3500 Maple Avenue, Suite 900
Dallas, Texas 75219
Phone: 214.752.8600
Facsimile: 214.752.8700

**ATTORNEYS FOR PLAINTIFF**

Came To Hand

APR 2 8 2008

@ 8:00 am /pt

CAUSE NO. 200821348

RECEIPT NO. 363515        0.00        MTA
04-04-2008                TR # 72290172

PLAINTIFF: NCI GROUP INC
vs.
DEFENDANT: CALAMAR CONTRUCTION MANAGEMENT INC

In The  61st
Judicial District Court
of Harris County, Texas
61ST DISTRICT COURT
Houston, TX

CITATION (SECRETARY OF STATE FOREIGN CORPORATION)

THE STATE OF TEXAS
County of Harris

TO: CALAMAR CONSTRUCTION MANAGEMENT INC (TEXAS CORPORATION) BY SERVING
    THE SECRETARY OF STATE OF TEXAS P O BOX 12079 AUSTIN TEXAS 78711
    FORWORD TO: ATTENTION KENNETH FRANASIAK
    3949 FOREST PARKWAY SUITE 100  WHEATFIELD NY 14120

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 4th day of April, 2008, in the above cited cause number and court. The instrument attached describes the claim against you.

YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 24th day of April, 2008, under my hand and seal of said Court.

Issued at request of:
KOUDELKA, KEVIN ALLEN
1616 S CHESTNUT
LUFKIN, TX 75901
Tel: (936) 633-4208
Bar No.: 24025971

THERESA CHANG, District Clerk
Harris County, Texas
201 Caroline    Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

GENERATED BY: SCOTT, JOHN L    QGT/V3Z/8113766

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____ .M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock _____.M., on the ____ day of _____,

_____, by delivering to _____ defendant, in person, a
true copy of this Citation together with the accompanying _____            copy(ies) of the
                                                                            Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

00150206

Fee: $_____

DELIVERED
ON 04/28/08
BY J. Kester
   SCH)35

_____ of _____ County, Texas